UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA B. SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | CAUSE NO. 3:14-CV-1802 RM |
| vs. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

Joshua B. Smith, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) On October 29, 2013, Mr. Smith was found guilty of Class A offense 102, assault and battery, in cause number WCC 13-13-0246. (DE 7-2.) The hearing officer imposed sanctions including one year of disciplinary segregation, loss of 365 days of earned credit time, a demotion from credit class 1 to credit class 3, a 42 day loss of telephone privileges and restitution of $200 or less for "part of cost of medical bills." (DE 1, p. 4.)

Mr. Smith has filed this habeas petition concerning only the restitution sanction. (DE 1, p. 2.) While the sanction imposed on the disciplinary hearing report indicated Mr. Smith would be responsible for restitution of $200 or less, (DE 1, p. 4), his portion of the medical bills has now been calculated at $5,729.96. (DE 1, p. 5.) Mr. Smith has filed this habeas petition seeking the court to reduce his restitution from $5,729.96 to the amount indicated on the disciplinary report; $200 or less. (DE 10.) Because the restitution order imposed by the hearing officer didn't lengthen the duration of Mr. Smith's confinement,

he can't challenge it in a habeas proceeding. Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009); Moran v. Sondalle, 218 F.3d 647, 650 (7th Cir. 2000); See also Hah Qawi v. Martin, No. 3:07-CV-0057, 2007 WL 1119298, at *1 (N.D. Ind. April 12, 2007)(recognizing that restitution is not actionable under 28 U.S.C. § 2254).

For the foregoing reasons, the court DISMISSES this habeas corpus petition.

SO ORDERED.

ENTERED: February 2, 2015.    /s/ Robert L. Miller, Jr.
Judge
United States District Court